# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:12-po-43 |
| Plaintiff, | : | |
| -vs- | : | Magistrate Judge Michael J. Newman |
| ALAN R. SELLS, | : | |
| Defendant. | : | |

## ORDER

Defendant, who makes his living as a broadcaster, was sentenced in this Court on July 11, 2012. At that time, the Court granted Defendant's request to serve his probation term in Texas, where he both works and resides. A number of probation terms were then imposed, including that Defendant not leave the jurisdiction of the United States.

Now before the Court are two related matters: (1) Defendant's motion for amendment of his Order of Probation (doc. 6); and (2) an August 9, 2012 Report from the U.S. Probation Office in the Southern District of Texas.

In the motion, filed with the assistance of counsel, Defendant seeks permission to conduct work-related travel outside the United States – specifically, he seeks approval to "travel to Amsterdam for the 2012 IBC (International Broadcasting Conference)…to leave Texas on August 31, 2012, on Continental Airline[s] Flight CO4920, and to return to the United States on September 8, 2012 on Continental Airline[s] Flight CO59." Doc. 6 at 1.

Oral argument, on the merits of the motion, was heard by phone on August 02, 2012. At that

time, the Court heard from defense counsel, the prosecutor, and S.D. Texas Probation Officer Bryan Martinez. Mr. Martinez advised the Court that Defendant tested positive for drug use in a recent urinalysis, and that a Probation Report would be forthcoming. The motion was then taken under submission.

The Court has since received and reviewed the Probation Report and talked with Mr. Martinez. In the Report, Mr. Martinez notes Defendant "ingested marijuana on or about July 7, 2012 prior to his appearance before the Court [on July 11, 2012]." Report at 1. Mr. Martinez further notes in the Report that, although "urine specimen collections submitted by Mr. Sells on July 12, 2012 and July 19, 2012 tested positive for marijuana use," *id.,* "a third [urine test] was collected on August 2, 2012, and the test results were negative for illegal drug use." *Id.* The Report thus suggests that Defendant's drug usage occurred prior to his sentencing, and that, post-sentencing, his drug use is not continuing. To that end, Mr. Martinez recommends that "no further action be taken at this time." *Id.* at 2.

Having carefully considered this matter and reviewed the facts of this case, the Court believes Defendant's request to attend a work-related conference is supported by good cause and should be permitted on condition that reasonable safeguards are put in place to ensure Defendant is not using drugs now, does not use drugs while outside the United States, and does not use drugs upon his return to the United States and for the remainder of his probation term.

Accordingly, Defendant's motion to amend his Order of Probation is **GRANTED,** and Defendant is **PERMITTED** to travel to Amsterdam, Holland from August 31, 2012 to September 8, 2012 - for the IBC work conference, and on the Continental Airlines flights referenced above - **ON CONDITION** that Defendant submit to drug testing by U.S. Probation in the Southern District of

Texas on Thursday, August 30, 2012 (*i.e.,* the day prior to the commencement of his trip) and **AGAIN** on Monday, September 10, 2012 (*i.e.,* immediately following his return to the United States).

Recognizing, in addition, that the use of banned substances (including, but not limited to marijuana) is a violation of the terms of Defendant's probation, and a violation of this Court's July 11, 2012 Order establishing the probation term in this case, Defendant is **ADVISED** and **PUT ON NOTICE** that if Probation determines hereafter that Defendant has violated the Probation Order in any way -- either by the use of banned substances, or by a violation of that Order in any other respect -- Defendant shall be made to promptly appear before this Court to show cause why the probation term should not be revoked and Defendant sentenced without delay to the maximum incarceration term accompanying the crime to which he pled guilty.

So that there is no confusion with respect to the importance of this Order, Defendant's counsel is **ORDERED** to serve a copy of this Order upon Defendant without delay. The Clerk of Courts shall also ensure that a copy of this Order is sent to S.D. Texas Probation Officer Bryan Martinez.

**IT IS SO ORDERED.**

August 13, 2012　　　　　　　　　　　　　　　　　　　　　　s/ **Michael J. Newman**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge